UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BEYEL BROTHERS, INC.,

      Plaintiff,

v.	Case No:   6:14-cv-62-Orl-40TBS

BARGE '35;1504, BIG SCOOP, ALOISE
and ABYSS MARITIME, INC.,

      Defendants.

## ORDER

    This cause is before the Court on Emergency Motion for an Order to Show Cause Why the Arrests Should not be Vacated (Doc. 23), and the Emergency Motion to Set Bond for Vessels and Equipment Release (Doc. 24) both filed on February 20, 2014 by Defendant Abyss Maritime, Inc ("Abyss").  Plaintiff, Beyel Brothers, Inc., thereafter filed a Motion for Interlocutory Sale of *In Rem* Defendants (Doc. 46), and Abyss responded in opposition (Doc. 54).  A hearing was conducted and evidence was presented as to both emergency motions and the motion for sale of *in rem* defendants on May 1, 2014. (*See* Docs. 57, 63).

    United States Magistrate Judge Smith submitted an initial Report and Recommendation regarding the three motions. (Doc. 67).  Objections were filed to the Report and Recommendation by Defendant Abyss (Doc. 72) and the "claimant/counter claimant" Noranda Aluminum, Inc. ("Noranda").[1] (Doc. 73). Plaintiff then filed its response

---

1. The Court has not yet ruled upon whether Noranda has any standing as a "claimant" to object to the Report and Recommendation, nor is the Court ruling, at this juncture, as to whether Noranda is a "counter-claimant."

to the objections. (Doc. 78). Magistrate Judge Smith considered the objections and the response and submitted an Amended Report and Recommendation on July 24, 2014. (Doc. 81). Noranda and Plaintiff both submitted objections to the Amended Report and Recommendation. (Docs. 82, 83). Plaintiff and Noranda also responded to each other's objections (Docs. 84, 85) on August 21, 2014. This matter is now ripe for the Court's review.

To summarize, the Court has conducted an independent *de novo* review of the record in this matter, including the following materials:

1. Emergency Motion for an Order to Show Cause Why the Arrests Should Not Be Vacated (Doc. 23);
2. Emergency Motion for Hearing to Set Bond for Vessels and Equipment Release (Doc. 24);
3. Motion for Interlocutory Sale of *In Rem* Defendant-Equiment [sic] (Doc. 46);
4. Memorandum of Law in Opposition and Response to Beyel Brothers Inc's Motion for Interlocutory Sale and Motion to Bid a Credit Lien (Doc. 54);
5. Transcript of Evidentiary Hearing, held on May 1, 2014 (Doc. 63);
6. Report and Recommendation (Doc 67);
7. Amended Report and Recommendation (Doc. 81);
8. Objection by Claimant/Counterclaimant Noranda Aluminum, Inc. to the Amended Report and Recommendation (Doc. 82);
9. Plaintiff's Objection to the Amended Report and Recommendation (Doc. 83);
10. Plaintiff's Response to Noranda's Objection to the Amended Report and Recommendation (Doc. 84);
11. Response by Noranda Aluminum, Inc. to Beyel Brothers, Inc.'s Objections to the Amended Report and Recommendation (Doc. 85).

The Court has considered the objection filed by Noranda as to Magistrate Judge Smith's findings relative to whether Plaintiff engaged in bad faith for the alleged wrongful arrest of the vessels or equipment. To the extent that Noranda has standing to object to the Amended Report and Recommendation, the objection raised by Noranda is not

relevant to the resolution of the motions pending before this Court.

Further, the Court has considered Plaintiff's objection to the Magistrate Judge's recommendation granting the release of the 994 excavator and the release of the turbidity curtains and boxes. Having independently considered these matters, the Court agrees entirely with the findings of fact and conclusions of law in the Amended Report and Recommendation. The testimony adduced at the hearing was contradictory and inconclusive on the issue of whether the 994 excavator, boxes and turbidity curtains were intended to be used in a manner which renders these items appurtenances subject to a maritime lien.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. The Objection by Claimant/Counterclaimant Noranda Aluminum, Inc. to the Amended Report and Recommendation (Doc. 82) and Plaintiff's Objection to the Amended Report and Recommendation (Doc. 83) are **OVERRULED**.

2. The Amended Report and Recommendation (Doc. 81) is **ADOPTED** and **CONFIRMED** in all respects and made a part of this Order.

3. On the Emergency Motion for An Order to Show Cause Why the Arrests Should not be Vacated, Request for a Hearing, and Memorandum of Law, filed by Abyss (Doc. 23), the Court,

    a. **GRANTS** the motion to the extent it seeks to vacate the arrest of the Liebherr 974, the Liebherr 994-200, the four boxes, and the turbidity curtains.

    b. **DENIES** all other aspects of the motion.

4. On the Emergency Motion for Hearing and to Set Bond for Vessels and Equipment Release and Memorandum of Law, filed by Abyss (Doc. 24), the Court,

   a. **DENIES** the motion to the extent it asks the Court to set a bond for the Liebherr 974, the Liebherr 994-200, the four boxes, and the turbidity curtains.

   b. **GRANTS** the motion in all other respects and requires bonds as set forth in paragraph 5 below.

   c. **GRANTS** Defendant Abyss **sixty (60) days** leave to bond for any equipment it seeks to have released.

5. On the Motion for Interlocutory Sale of *In Rem* Defendant Equipment and Incorporated Memorandum of Law, filed by Plaintiff Beyel Brothers (Doc. 46), the Court **GRANTS** the motion, **but only after Abyss has had sixty (60) days within which to post a bond or bonds**.  Further, the Court requires Beyel Brothers to submit a cash bid, or post a bond to secure the amount of its bid, should it be the winning bidder.  The to-be-turned claims of Navar, Inc., and Noranda Aluminum, Inc., attach to the proceeds of the sale.

   **DONE AND ORDERED** in Orlando, Florida on September 4, 2014.

   _____
   PAUL G. BYRON
   UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -

- 5 -